IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RAYMOND DAY, et al.                                              PLAINTIFFS

VS.                              NO: 5:01CV00304 WRW

CASE CREDIT CORPORATION                                          DEFENDANT

## ORDER

Pending is Plaintiffs' Motion for costs and fees.[1] On December 5, 2005, a Mandate[2] was filed by the Eighth Circuit, affirming in part and reversing in part a Judgment[3] entered in favor of Defendant, Case Credit Corporation ("Case"). Plaintiffs assert that they are now the prevailing party and are entitled to costs and attorneys fees under Ark. Code Ann.§ 16-22-308.[4]

### I. Background

This case originated in the Desha County Circuit Court, when the Plaintiffs filed suit against Ron Kaufman ("Kaufman"), Southeast Implement Company, Inc. ("Southeast"), and Case Credit Corporation ("Case").

Case is an organization incorporated in Delaware, which finances agricultural equipment purchases. Kaufman owned Southeast, a dealer in agricultural equipment. He executed two

---

[1] Doc. No. 174.

[2] Doc. No. 173.

[3] Doc. No. 109.

[4] Plaintiffs rely on the following language from Ark. Code Ann. § 16-22-308: "Any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods . . . .or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs."

1

financing agreements with Case in order to open his dealership.. These agreements required Case to review credit applications submitted by Southeast, and to determine whether it would finance equipment purchased from Southeast. These two agreements specified that no employee of Southeast could bind Case in any way or act on its behalf.

In their original complaint, Plaintiffs alleged a tort claim based on fraud, asserting, among other things, that Kaufman prepared fraudulent contracts that purported to obligate Plaintiffs to pay for equipment they never purchased, and included terms that were not part of the verbal agreement. Plaintiffs alleged that Kaufman was Case's agent and should be accountable for the fraud. Case filed a motion for Partial Summary Judgment on the issue of agency in the circuit court. Before this issue was decided, Plaintiffs non-suited.

Later, Plaintiffs re-filed in state circuit court, but, Kaufman and Southeast were never served with the Complaint and were dismissed -- leaving Case as the only Defendant. This created diversity, and Case removed the case to this Court on September 6, 2001, and filed an Answer and compulsory counter-claim for breach of contract. On December 21, 2001, Case filed a Motion for Partial Summary Judgement on the agency issue which was granted.[5] Since Case was not Kaufman's agent, the tort claim was no longer alive. The remaining allegations were fraudulent inducement and breach of contract.

Defendant filed a second Motion for Partial Summary Judgment on the issue of Plaintiffs' liability for breach of contract, and it was granted.[6] Specific damages were determined in a later

---

[5] Doc. No. 21.

[6] Doc. No. 44.

Order.[7] A Judgment[8] was entered dismissing Plaintiffs' fraud claims with prejudice. Plaintiffs appealed, and the Eighth Circuit affirmed the finding that Kaufman was not Case's agent. However, the Court reversed on the contract claim and held that the contracts between Kaufman and the Plaintiffs were void because he misrepresented the terms of the written contracts and then forged Plaintiffs' names on the written agreements. The Eighth Circuit held that Case did not have enforceable rights under a void transaction.

According to the Eighth Circuit, the sole remaining issue is an equitable question, i.e. whether Plaintiffs will be unjustly enriched if they are excused from an obligation to Case. Defendant's Motion for Summary Judgment on Unjust Enrichment is pending.[9]

## II. Authority

Attorneys' fees are recoverable in Arkansas only if they are authorized by statute.[10] Fees in contract cases are sanctioned by Ark. Code Ann. § 16-22-308. This section is interpreted to authorize attorney's fees to parties who succeed in either enforcing a contract or *defending* against a breach-of-contract claim.[11] When multiple claims (such as tort claims and contract claims) are

---

[7]Doc. No. 108.

[8]Doc. No. 109.

[9]Doc. No. 186.

[10]*Security Pac. Housing Servs., Inc. v. Friddle*, 315 Ark. 178 (1993).

[11]*Meyer v. Riverdale Harbor Mun. Prop. Owners Improvement Dist. No. 1 of Little Rock, Ark.*, 58 Ark. App. 91, 93 (1997); *Cumberland Fin. Group, Ltd. v. Brown Chem. Co.*, 34 Ark.App. 269 (1991) (emphasis added).

asserted -- an award of attorneys' fees to the prevailing party is only proper when the action is based *primarily* in contract.[12]

The decision whether to award attorneys' fees under § 16-22-308 is within the discretion of the trial court, and is reviewed for abuse of discretion.[13] But, before this discretionary decision is reached, there must be an initial determination of who the "prevailing party" is.[14]

There can be only one prevailing party in an action. Sometimes each party wins on some of the issues, but the one with the most points at the end of the contest is the winner and is entitled to recover his costs.[15] "The potential for further litigation on the same issues with the possibility of a different outcome prohibits the identification of a prevailing party."[16] A party must win on the *merits* of the case, not on procedural default, in order to be a prevailing party.[17]

Unjust enrichment is an equitable doctrine based on the principle that one person should not be permitted to enrich himself at the expense of another, but should be required to make restitution for benefits received.[18] Unjust enrichment is also at the heart of a well-established contract concept

---

[12]*Meyer*, 58 Ark. App at 93. *See also Stein v. Lukas*, 308 Ark. 74 (1992) (court affirmed trial court's denial of attorneys' fees under § 16-22-308, because the appellant's cause of action primarily sounded in tort); *Wheeler Motor Co., Inc. v. Roth*, 315 Ark. 318 (1993) (the Court held that attorneys' fees were not justified in a case prosecuted under multiple theories, where it appeared that the jury's verdict was predicated upon a theory sounding in tort)(emphasis added).

[13]*Chrisco v. Sun Indus.*, 304 Ark. 227, 230, 800 S.W.2d 717, 719 (1990).

[14]*Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230 (2001).

[15]*ERC Mortgage Group, Inc. v. Luper*, 32 Ark.App. 19 (1990).

[16]*Burnette v. Perkins & Associates*, 343 Ark. 237 (2000).

[17]Ark. Code Ann. § 16-22-308; *See also Marsh & McLennan of Arkansas v. Herget*, 321 Ark. 180 (1995) (holding that in order to be deemed a prevailing party, one must prevail on the merits of one of the causes of action set forth in the statute)(emphasis added).

[18]*Adkinson v. Kilgore*, 62 Ark.App. 247, 970 S.W.2d 327 (1998).

4

known as "quasi-contracts" or "contracts implied in law."[19] A contract implied in law is not a contract at all, but an obligation imposed by law for the purpose of bringing about justice and equity without reference to the intent or the agreement of the parties. It is a non-contractual obligation that is *to be treated procedurally as if it were a contract*, and is often referred to as "quasi contract," "implied in law contract" or "restitution."[20] "Although unjust enrichment is an equitable cause of action, because it is based on the alleged breach of an implied contract, it may be heard in circuit court and may be heard by a jury."[21]

### III. Discussion

A review of the pleadings in this case show that the initial complaint alleged multiple causes of action in tort and contract. Once the agency issue was decided, the tort claim disappeared and the contract counter-claim became the focus of this case. Therefore, this action is based primarily on contract and appropriate fees may be awarded under Ark. Code Ann. §16-22-308. Such fees can only be awarded to a prevailing party. Plaintiffs assert that they have prevailed on the breach of contract claim.

There is no question that, on appeal, Case lost its breach of contract counter-claim. However, the contract case is not over. Unjust enrichment is an equitable doctrine, but, it is also a basis for implying the existence of a separate contract, i.e. a "quasi-contract" or an "implied contract." Whether the facts of this case give rise to an implied contract -- based on the existence of unjust enrichment -- has not been decided. Therefore, it cannot be determined, at this time, which

---

[19] 1 Richard A. Lord, *Williston on Contracts* § 1.6 (4th ed.1990).

[20] *Fox v. Mountain West Elec., Inc.*, 52 P.3d 848 (Idaho, 2002).

[21] *First National Bank of DeWitt v. Cruthis*, 360 Ark. 528 (2005).

5

party will prevail on the contract claim.   Until all the cards have been played, the prevailing party cannot be identified.    In view of this, Plaintiffs' Motion for Fees and Costs is premature and is DENIED without prejudice.

IT IS SO ORDERED this 1st day of September, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE