**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**RAYMOND DAY, et al.**                                                    **PLAINTIFFS**

**VS.**                                 **5:01CV00304-WRW**

**CASE CREDIT CORPORATION**                                          **DEFENDANT**

<u>**ORDER**</u>

Pending is Defendant /Counter-Plaintiff Case Credit Corporation's ("Case") Motion for Summary Judgment on the Issue of Unjust Enrichment.[1] The Plaintiff /Counter-Defendants Raymond Day, Boren Holtoff, Mike Moreland, and Steve Ross ("the farmers") responded,[2] and Defendant/Counter Plaintiff replied.[3]

**I. Background**

This case originated in the Desha County Circuit Court, when the farmers filed suit against Ron Kaufman ("Kaufman") and Case for fraud. Case answered and counter-claimed for breach of contract. Later, Kaufman was dismissed from the suit, and the case was removed to federal court based on diversity of citizenship.

The farmers were Kaufman's customers between 1996 and 1998. During this time, they agreed to purchase or lease various items of farm equipment from Kaufman. In each case, the farmers and Kaufman orally negotiated the terms of the lease and purchase agreements.

---

[1] Doc. No. 187.

[2] Doc. No. 191.

[3] Doc. No. 195.

1

Kaufman entered into agreements with Case, agreeing to pay off the farm equipment Kaufman sold or leased to the farmers, in exchange for an assignment of rights to Case.

The agreements between Case and Kaufman were unknown to the farmers and did not reflect the terms of their oral contracts with Kaufman. For instance, the purchase agreements misrepresented lease agreements as outright sales, and inflated the sales price of equipment actually purchased by the farmers. In addition, Kaufman assigned Case forged "purchase agreements" that covered equipment that the farmers never possessed or agreed to purchase. Kaufman hid his schemes from Case and the farmers by giving Case phony addresses. Case's monthly statements were mailed to these addresses and never reached the farmers.

Eventually Case discovered Kaufman's activities, and its representatives met with the farmers. According to the farmers' joint affidavit, Case representatives engaged in the following conduct: a Case representative presented the farmers with forms entitled "account verifications" and asked each farmer to sign these forms; after the farmers pointed out that the forms contained erroneous terms, they were assured that the forms would only be used to verify their possession of the equipment; when the farmers met with Case representatives David Harris, Carey Yokum, and Mr. Rosenbaum, they refused to cure the "account verifications," and told the farmers that they would enforce the invalid terms in those documents; these representatives indicated that they were aware of the fraud committed by Kaufman, but refused to settle with the farmers or change the "account verification" terms.[4] Case did not provide affidavits or testimony from David Harris, Carey Yokum, or Mr. Rosenbaum contradicting the farmers' version of events. Moreover, in its response to the farmers' Statement of Undisputed Facts, Case admitted its

---

[4] Doc. No. 191, Ex. 1 (the farmers do not know Mr. Rosenbaum's first name).

awareness of Kaufman's wrongful conduct, and also admitted that the farmers attempted to settle based on the terms in the oral agreements.[5]

Because settlement failed, the farmers filed a Complaint alleging that Kaufman was Case's agent and should be accountable for fraud. An Order granting Partial Summary Judgment found no agency relationship between Case and Kaufman.[6]

Case's second Motion for Partial Summary Judgment on the issue of the farmers liability for breach of contract was granted.[7] Specific damages were determined in a later Order,[8] and a Judgment[9] was entered.

The farmers appealed. The Eighth Circuit affirmed the finding that Case was not an agent of Kaufman, but reversed the finding in favor of Case's breach of contract claim.[10] The Court held that the forged "purchase agreements" between Kaufman and the farmers were void and unenforceable, and that Case was not an assignee under any contract, including the oral contracts negotiated by the farmers and Kaufman.[11]

According to the Eighth Circuit, two issues remain -- will the farmers be unjustly enriched if they are excused from an obligation to Case; and is Case barred from obtaining

---

[5]Doc. No. 196, ¶ 1, 2, and 3.

[6]Doc. No. 21.

[7]Doc. No. 44.

[8]Doc. No. 108.

[9]Doc. No. 109.

[10]Doc. No. 173; *Day v. Case Credit Corp.*, 427 F.3d 1148, 1153 (8th Cir. 2005).

[11]*Id*.

equitable relief under the "clean-hands doctrine," (the principle that denies remedy to a guilty party).[12]

Case contends that the farmers' possession of farm equipment for the last six years, without making rental or installment payments, unjustly enriched them. Case further argues that unjust enrichment is an equitable remedy and should be decided by a court, not a jury. The farmers contend that Case has "unclean hands" and is not entitled to equitable relief. The farmers further contend that they did not act unjustly and had a right to possess the farming equipment. Finally, the farmers assert that they are entitled to a jury trial.

## II. Authority

### A. Unjust Enrichment

The doctrine of unjust enrichment is an equitable remedy.[13] "The remedy is neither given nor withheld automatically but is awarded as a matter of judgment."[14] The doctrine of unjust enrichment is connected to the doctrines of implied contract, quasi-contract, and restitution.[15]

Unjust enrichment is based on the principle that "one person should not be permitted enrich himself at the expense of another, but should be required to make restitution for property or benefits received, retained, or appropriated, when it is just and equitable that such restitution

---

[12]*Id.* at 1154.

[13]*Sparks Reg'l Med. Ctr. v. Blatt*, 55 Ark. App. 311, 316 (1996); *Klein v. Jones*, 980 F.2d 521, 527 (8th Cir. 1992); *Pro-Camp Management, Inc. v. R.K. Enterprises, LLC*, 366 Ark. 463, (2006).

[14] *Friends of Children, Inc. v. Marcus*, 46 Ark. App. 57 (1994).

[15]*Larson Machine, Inc. v. Wallace*, 268 Ark. 192, 213-14 (1980) (holding that in the absence of an express contract the basis for recovery is an implied contract or quasi-contract, which is founded on the equitable principles of restitution).

be made."[16] In such circumstances, "a court may imply a contract that is dictated by reason and justice."[17] To find unjust enrichment, "a party must have received something of value *to which he was not entitled* and which he should restore."[18]

In order to create an obligation for restitution, it is not necessary that an unjustly enriched party is guilty of a wrongful act.[19] However, "there must be some operative act, intent, or situation to make the enrichment unjust and compensable."[20] For instance, an individual will be liable for unjust enrichment if he requested a valuable service or voluntarily accepted a benefit that he knew required payment under the circumstances.[21] In such a case, even though a party is innocent, he may be compelled to surrender benefits to another, more deserving person if he gained something of value to which he was not entitled.[22]

However, there are instances when a defendant receives benefits from another that do not trigger entitlement to unjust enrichment.[23] An individual will not be forced to pay for something

---

[16]*Adkinson v. Kilgore*, 62 Ark. App. 247, 254 (1998).

[17]*Sparks Reg'l Med. Ctr.*, 55 Ark. App. at 316.

[18]*Duckworth v. Poland*, 30 Ark. App. 281, 283 (1990) (emphasis added).

[19]*Frigillana v. Frigillana*, 266 Ark. 296 (1979).

[20]*Dews v. Haliburton Industries, Inc.*, 288 Ark. 532 (1986).

[21]*Deanna Construction Company v. Sarasota Entertainment Corp.*, 563 So. 2d 150 (Fla. Ct. App. 2d Dist. 1990)

[22]*Smith v. Whitener*, 42 Ark. App. 225, 228 (1993).

[23]*Childs v. Adams*, 322 Ark. 424, 435 (1995).

he did not request, and did not know was valuable.[24] Moreover, "[o]ne who is free from fault cannot be held to be unjustly enriched merely because he has chosen to exercise a legal right."[25] Simply put, equity does not prohibit enrichment alone -- the enrichment must have come about from unjust events or motives.

The goal of restitution is to prevent injustice by making a defendant give up what he *wrongfully* received from a plaintiff. Damages for unjust enrichment are measured by the defendant's gain and not by the plaintiff's loss.[26]

### B. Clean-Hands Doctrine

The clean-hands doctrine bars relief to guilty parties,[27] because "equity will not intervene on behalf of a party whose conduct in connection with the same matter has been unconscientious or unjust."[28] To decide if the clean-hands doctrine should be applied, the equities are weighed.[29] Application of this doctrine is discretionary.[30]

---

[24]*Credit Bureau Enterprise, Inc. v. Pelo*, 608 N.W. 2d 20, 25 (Iowa 2000) (holding that one will not have to pay for a benefit forced upon one against one's will) (overturned on other grounds).

[25]*Merchants & Planters Bank & Trust Co. v. Massey*, 302 Ark. 421, 424 (1990).

[26]*Smith v. Walt Bennett Ford, Inc.*, 314 Ark. 591, 602 (1993) (emphasis added).

[27]*Wesley v. Estate of Bosley*, 81 Ark. App. 468, 478 (2003).

[28]*Id.* (citing *Cardinal Freight Carriers, Inc. v. J.B. Hunt Transp. Servs., Inc.* 336 Ark. 143 (1999)).

[29]*Estate of Houston v. Houston*, 31 Ark. App. 218 (1990).

[30]*Laroe v. Laroe*, 48 Ark. App. 192 (1995)

**III. Discussion**

The Eighth Circuit found that there was neither a contract between the farmers and Case, nor a legitimate assignment of rights to Case from Kaufman. The Court described Case as an "unprotected incidental beneficiary with no enforcement rights."[31] So, Case has no contract rights and is seeking an equitable remedy based on "unjust enrichment."

Case maintains that because the farmers have retained possession of the farm equipment, it is entitled to the equipment's full value according to the oral purchase agreements. Therefore, Case alleges that Mr. Day has been unjustly enriched in the sum of $137,500.00, Mr. Ross has been unjustly enriched in the sum of $47,326.67, and Mr. Holthoff has been unjustly enriched in the sum of $59,162.18. I disagree with Case's damages allegations.

Case is attempting to obtain contract damages under the guise of unjust enrichment. The monetary value of the equipment is not the correct measurement of damages -- *quantum meruit* is the remedy for unjust enrichment.[32] The literal translation of *quantum meriuit* is "as much as he has deserved."[33]

In Arkansas, "[t]he measure of damages for unjust enrichment is the amount of unfair gain received by those unjustly enriched."[34] If personal property is detained, the measure of damage is the fair market rental value of the property during the time it is detained.[35] If the

---

[31]*Day*, 427 F.3d at 154.

[32]*Crawford v. Lee County School District*, 64 Ark. App. 90, 97 (1998).

[33]Blacks's Law Dictionary 1277 (8th ed. 2004).

[34]*Klein v. Arkoma Production Co.*, 73 F.3d 779, 786 (8th Cir. 1996).

[35]*White v. Gladden*, 6 Ark. App. 299 (1982); *see also, Garoogian v. Medlock*, 592 F.2d 997 (8th Cir. 1979) (holding that measure of damages is fair market rental value, plus any damage to the property).

7

farmers were unjustly enriched, they are liable for the value of benefits received by possessing the equipment, not the full monetary value of the equipment.[36]

Case alleges that the farmers were unjustly enriched because they continued to possess the equipment without remuneration. However, this fact, standing alone, does not automatically entitle Case to a remedy for unjust enrichment.[37]

To find that the farmers were unjustly enriched, it must be shown that they possessed the equipment under circumstances that made it inequitable. The circumstances would be inequitable if the farmers acquired the benefit without justification, or demonstrated an intent to unfairly gain something for nothing. [38]

**A. Inequitable Circumstances**

Case was largely responsible for leaving the equipment in the possession of the farmers. The farmers were cooperative, and voluntarily signed forms verifying that they possessed equipment that Case financed through Kaufman. Instead of attempting to settle the matter with the farmers, or to bring a replevin action, Case's representatives tried to enforce Kaufman's forged contracts, and refused to negotiate.[39] Case never filed an action to recover the equipment, but pursued a contract claim against the farmers. Case now wants restitution for losses connected to its own mistakes.

---

[36]*Smith*, 314 Ark. at 602; *see also, Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006) (applying Nebraska law and holding that a defendant will be liable for the unjust benefit it receives, and not the harm sustained by the plaintiff).

[37]*Friends of Children, Inc.*, 46 Ark. App. at 61.

[38]*Dews*, 288 Ark. at 532.

[39]Doc. No. 191, Ex. 1 and Doc. No. 196.

This is similar to a request for restitution in *Childs v. Adams*.[40]  The Arkansas Supreme Court refused to provide relief to a property owner who made valuable improvements on property after he reneged on a contract for sale.  When he was ordered to perform the contract, the owner asked for restitution for his home improvements.  The Supreme Court affirmed the trial court's ruling that the improvements could have been postponed and were undertaken at the owner's risk.[41]  Like the property owner in *Childs*, Case is requesting restitution for damages that were incurred because Case sought contract relief from the farmers, instead of filing an *in rem* action against the property.[42]  Case made this decision at its own risk.  Generally, a party cannot recover damages resulting from consequences that he could reasonably have avoided by reasonable care, effort, or expenditure.[43]  Case could have reasonably avoided the losses incurred over the last six years.  Moreover, Case presents no evidence that the farmers had an avenue through which they could divest themselves of the equipment.  Finally, the farmers cannot be unjustly enriched by holding property to which they are legally entitled.[44]

### B.  Legal Entitlement

---

[40]*Childs,* 422 Ark. at 434.

[41]*Id.*

[42]77 C.J.S. *Replevin* § 5 (1994) (explaining that replevin is a mixed action, being partly *in rem* and partly *in personam*; it is *in rem* as far as specific recovery of the property is concerned, and *in personam* as to the damages).

[43]*Lake Village Implement Co. v. Cox*, 252 Ark. 224, 231 (1972); *Bill C. Harris Const. Co., Inc. v. Powers*, 262 Ark. 96, 104-05 (1977).

[44]*Merchants & Planters Bank & Trust Co.*, 302 Ark. at 424.

There is an old saying that "Possession is nine-tenths of the law."  The Oxford Dictionary of Proverbs dates this saying back to 1616, and it means that a person who possesses property has a clear advantage.[45]  The common law makes this old saying more than just a proverb -- it is a rule of law that still holds sway.

Possession of personal property is *prima facie* evidence of ownership.[46]  The common law has long recognized this principle, as evidenced by Supreme Court holdings that date back to the early nineteenth and twentieth centuries.[47]  The Supreme Court held:  "If there be no evidence to the contrary, proof of possession, at least under a color of right, is sufficient proof of title."[48]  *Prima facie* evidence is deemed sufficient to establish a given fact if not contradicted, rebutted or explained by other evidence.[49]  The farmers possessed the farm equipment under a contract with Kaufman which constituted *prima facie* evidence that they were entitled to continued possession.  Case has the burden of proving otherwise.[50]  Thus, until Case proves that

---

[45]Barbara Wallraff, www.wordcourt.com/archives.php?show=2006-01-04 (explaining that in early use, the satisfaction of ten points was commonly asserted to show full entitlement or ownership -- so, the original saying was "possession is nine points of the law").

[46]Golenternek v. Kurth, 213 Ark. 643 (1948); Norton v. McNutt, 55 Ark. 59 (1891); *see also, Kurrle v. Helvering*, 126 F.2d 723, 724-25 (8th Cir. 1942).

[47]*Ricard v. Williams*, 20 U.S. (7 Wheat.) 59 (1822) (holding that if a person be found in possession it is *prima facie* evidence of his ownership); *Bradshaw v. Ashley*, 180 U.S. 59, 63 (1901). *See also,* Oliver Wendell Holmes, *The Common Law* 241 (1881) (stating that the consequences attached to possession are substantially those attached to ownership).

[48]*Bradshaw*, 180 U.S. at 63.

[49]*Velder v. Crown Exploration Co.*, 10 Ark. App. 273, 274-75 (1984).

[50]*Williams v. Harrell*, 226 Ark. 115 (1956) (holding that the burden of proof in a replevin action is on the plaintiff to prove he is the owner and entitled to possession of the items in litigation).

it has a superior claim to the equipment possessed by the farmers, the farmers were not unjustly enriched by keeping what they had a colorable right to keep.

## IV. Conclusion

Case filed a motion for summary judgment, alleging that it was entitled to a remedy based on unjust enrichment. I find that Case is not entitled to summary judgment, and based on the undisputed facts, is not entitled to an equitable remedy.

Case presented no evidence that the farmers acquired use of the farming equipment under inequitable circumstances. If Case had settled with the farmers at the outset, or pursued an *in rem* action against the property, it would have been able to obtain either monthly payments under the terms of the oral agreements, or take control of the farming equipment. Case chose to claim breach of contract based on void contracts, and also chose to leave the farm equipment in the possession of the farmers. Because I find that there is no unjust enrichment, the clean-hands doctrine need not be addressed.

In view of the above, the Motion for Summary Judgment is DENIED. Case is ordered to file a brief by 5:00 p.m., Friday, March 16, 2007 explaining what material facts remain in dispute that would prevent a dismissal of this case with prejudice. A response is due by 5:00 p.m., Friday, March 30, 2007.

IT IS SO ORDERED dated this 22nd day of February 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE