IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RAYMOND DAY, *et al.*                               PLAINTIFFS/COUNTER
                                                            DEFENDANTS

VS.                            NO: 5:01CV00304 WRW

CASE CREDIT CORPORATION                        DEFENDANT/COUNTER
                                                               PLAINTIFF

<u>ORDER</u>

Pending is Defendant/Counter Plaintiff Case Credit Corporation's ("Case") Motion for Reconsideration,[1] to which Plaintiffs/Counter Defendants, Raymond Day, Boren Holtoff, Mike Moreland, and Steve Ross ("the farmers") responded.[2]  Case replied to the farmers,[3] and the farmers filed a surreply.[4]

Case wants reconsideration of the February 22, 2007 order[5] denying its Motion for Summary Judgment[6] on unjust enrichment.  That order held that the farmers were not unjustly enriched, and, therefore, it was not necessary to discuss the clean hands doctrine.  Case argues

---

[1]Doc. No. 202.

[2]Doc. No. 204.

[3]Doc. No. 205.

[4]Doc. No. 206.

[5]Doc. No. 200.

[6]Doc. No. 186.

1

that my unjust enrichment finding should be reconsidered because it is not the "law of the case" that was established by an earlier order,[7] and the Eighth Circuit Court of Appeals's opinion.[8]

## I. Background

This case began as a complaint for fraud by the farmers against Case, and Ron Kaufman ("Kaufman") because Kaufman forged the farmers' names on sales contracts with higher purchase prices.   Case financed Kaufman's sales of farming equipment. Kaufman's purpose for the forgeries was to pocket the extra money.  Kaufman was dismissed from the suit, leaving Case and the farmers as the only parties.

Case counter-claimed against the farmers to enforce the sales contracts and recover unpaid balances on the equipment.  Case filed a summary judgment motion on the farmers' liability[9] and a motion for contract damages.[10]  Both motions were granted[11] and a Judgment[12] was entered, setting out specific sums owed by the farmers.

The farmers appealed,[13] raising two issues -- (1) they challenged my findings that Kaufman was not Case's agent and (2) they denied that Case had an enforceable contract.

---

[7]Doc. No. 44.

[8]Doc. No. 173; See also *Day v. Case Credit Corp.*, 427 F.3d 1148 (8th Cir. 2005).

[9]Doc. No. 33.

[10]Doc. No. 70.

[11]Doc. Nos. 44, 108.

[12]Doc. No. 109.

[13]Doc. No. 110.

The Eighth Circuit Court of Appeals affirmed that no agency relationship existed, but reversed on the contract issue, holding that there was no enforceable contract, and, therefore, the farmers were not liable for contract damages.[14]

The Circuit Court turned its attention to possible equitable remedies, and made the following observations:

> Having concluded Case may not recover under its contract theory, we turn to its claim of unjust enrichment. The phrase "unjust enrichment" does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.  The party claiming unjust enrichment must prove another's receipt of 'something of value to which he is not entitled and which he should restore. There must be some operative act, intent, or situation to make the enrichment unjust and compensable. It is not necessary to show the party unjustly enriched committed any wrongdoing -- even an innocent party "may be compelled to surrender the fruits to another more deserving party." Rather, "[i]f one has money belonging to another, which, in equity and good conscience, he ought not to retain, it can be recovered although there is no privity between the parties." Parties seeking to invoke the court's equitable powers, however, must be themselves deserving of equity. "The clean hands maxim bars relief to those guilty of improper conduct in the matter as to which they seek relief."[15]

The Court also outlined the allegations that Case intentionally compounded fraud by inducing the farmers to sign account verifications that mirrored fraudulent terms, and by using the verifications to make the farmers pay higher prices.  After outlining the law and the facts presented, the Court concluded:  "Because the farmers' allegations of misconduct against Case create a genuine issue of material fact as to whether equity should intervene, we reverse and

[14]Doc. No. 173; *Day*, 427 F.3d at 1154.

[15]*Day*, 427 F.3d at 1154 (citations omitted).

remand."[16]  Judgment on the issue of liability and damages was reversed and this case was remanded for further proceedings "consistent with this opinion."[17]

After the Eighth Circuit's opinion was filed, Case filed an unjust enrichment summary judgment motion.[18]  Case asserted that, because the farmers admitted they possessed equipment financed by Case, there was no question that the farmers were unjustly enriched.  I disagreed and denied the motion. Now Case argues that a proper application of "the law of the case" doctrine, the unjust enrichment doctrine, and the clean hands doctrine will produce a different result.

## II.    Law of the Case

When an appellate court remands a case to the district court for further proceedings consistent with the appellate decision, all issues the appellate court decides become the law of the case.[19]  The "law of the case" doctrine directs courts to follow decisions made in earlier proceedings to prevent the relitigation of issues in a case, to protect the expectations of the parties, to ensure consistency, and promote judicial efficiency.[20]  So, when a court decides on a rule of law, that decision continues to govern in the same case.[21]

---

[16]*Id.*

[17]*Id.* at 1155.

[18]Doc. No. 186.

[19]*Houghton v. McDonnell Douglas Corp.*, 627 F.2d 858 (8th Cir. 1980).

[20]*Little Earth of United Tribes, Inc. v. United States Dep't. of Hous. and Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986).

[21]*Arizona v. California*, 460 U.S. 605, 618 (1983); *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995).

The "law of the case" doctrine does not apply unless there is a final judgment that decided the issue.[22]   In other words, it does not apply when the order does not reach the merits of a claim;[23] nor does it apply to *dicta*.  Observations in an order that are not essential to the determination of the legal questions before the court are *dicta*, and *dicta*, as opposed to a court's holdings, has no binding effect in later proceedings in the same or any other case.[24]

Case argues that the my order[25] and the Eighth Circuit's opinion[26] found that unjust enrichment is an available remedy and, therefore, this is "the law of case."  However, there is a difference between finding that a theory of recovery is possible and finding that a party has proved entitlement to recovery.  Neither the order nor the opinion decided that Case was entitled to recover in equity.

My order suggests that Case could alternatively proceed on an unjust enrichment claim because the farmers received equipment financed by Case for which they have not fully paid.[27]

---

[22]*United States v. United States Smelting Co.*, 339 U.S. 186, 198-199 (1950); *Fontainbleau Hotel Corp. v. Crossman*, 286 F.2d 926, 928 (5th Cir. 1961).

[23]*Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co*., 48 F.3d 1066, 1070 (8th Cir. 1995).

[24]*Municipality of San Juan v. Rullan*, 318 F.3d 26 (1st Cir. 2003); *U.S. v. Pasquantino*, 336 F.3d 321 (4th Cir. 2003) (explaining that a statement not directed to the merits of case is *dictum*); *McKenzie v. Day*, 57 F.3d 1493 (9th Cir. 1995) (finding that when a court asserts what it would decide is not a decision on the merits but is conclusory *dicta*); *Peques v. Morehouse Parish School Bd.*, 706 F.2d 735 (5th Cir. 1983) (finding that comments on the merits of a claim is *dicta* and does not serve as a basis for a law of the case challenge).

[25]Doc. 44 (The Eighth Circuit Court of Appeals reversed this order.).

[26]Doc. No. 173; *Day*, 427 F.3d at 1154.

[27]*Id.* at  9.

5

This observation is *dicta* and is not essential to the decision.  Case's right to recover under an unjust enrichment claim was never addressed or fully analyzed.

The same is true of the Eighth Circuit's opinion.[28]  It sets out the grounds for recovery under unjust enrichment, but does not hold that Case established a right to recover.  This issue was specifically reserved so that Case's conduct could be examined.  The Eighth Circuit's observations about the validity of an unjust enrichment claim was *dicta*, and also was not essential to decide the two issues on appeal.[29]

In sum, there was no final decision --  Case was given the go ahead to proceed under an equitable theory, nothing more.  Case's "law of the case" argument fails.

## III.  Unjust Enrichment

Case also asserts that the order[30] denying its recent motion for summary judgment misapplied the law of unjust enrichment.  I disagree.

The facts establish that the farmers received a benefit, but the receipt of a benefit is not a basis for restitution.[31]  The receipt and retention of the benefit must be fundamentally unjust.[32]

---

[28]Doc. No. 173, *Day*, 427 F.3d at 1154.

[29]I am once again put in mind of Chief Judge Frank Easterbrook's admonition to a lawyer, during oral argument, who relied on a statement in one of Judge Easterbrook's earlier opinions.  The Judge said:  "Don't you recognize *dicta* when you see it." (Judge Frank H. Easterbrook is Chief Circuit Judge of the Seventh Circuit Court of Appeals.).

[30]Doc. No. 200.

[31]*Childs v. Adams*, 322 Ark. 424, 435-436 (1995) (holding that although a benefit was received, it was not unjust to retain the benefit).

[32]*Id.*

The farmers did not unjustly acquire the equipment, nor did they unjustly keep it. According to the farmers' joint affidavit, Case refused to accept the agreed on purchase price. The farmers also alleged that, even though Case was aware of Kaufman's fraud, its representatives insisted that the farmers pay Kaufman's higher prices or "get a lawyer."[33]

After this, the farmers kept the equipment because Case never attempted to take it back. Case maintains that it could not take possession because it did not have an express security agreement.  However, Case could have attempted to create an equitable lien without an express agreement.[34]

Equity is based on notions of good faith.[35]  There is no evidence that Case made a good faith effort to accept a reasonable price before litigation, or to mitigate its damages and take possession of the equipment.

## IV.  Clean Hands Doctrine

The clean hands doctrine was not addressed in the February 22, 2007 Order[36] because Case did not prove that the farmers were unjustly enriched.  However, for the sake of judicial efficiency, I will address it now (even if it is *dicta*).

---

[33]Doc. No. 191, Ex. 1.

[34]*Lowrey v. Lowrey*, 251 Ark. 613 (1971); *Warren v. Warren*, 11 Ark. App. 58(1984); *Kanefield v. SP Distributing Co., L.L.C.*, 25 S.W.3d 492 (Mo. Ct. App. E.D. 2000) (outlining the requirements for creating an equitable lien, -- there must be an obligation owed by one person to another and property that can be identified, and there must be an intent, express or implied, that the property serve as security for payment of the debt).

[35]*Scott Paper Co. v. Marcalus Mfg. Co.*, 326 U.S. 249, 260 (1945) (stating that the principle of good faith is the conscience of equity).

[36]Doc. No. 200.

Application of the clean hands doctrine depends on the trial court's discretion and is invoked in the interests of equity and justice.[37] It bars relief to those guilty of improper conduct in the matter for which they ask relief.[38]  The United States Supreme Court observed that: "[w]hile equity does not demand that its suitors lead blameless lives, it does require that they shall have acted fairly and without fraud or deceit as respect to the controversy in issue."[39]

The doctrine is applicable whenever a claim for equity is tainted by fraud or misrepresentation,[40] and it will not intervene on behalf of a party whose conduct in the same matter has been unconscientious.[41]  The facts of this case are similar to those of *Merchants & Planters v. Massey*,[42] where the Arkansas Supreme Court applied the clean hands doctrine and refused to enforce a lien that was based on a promissory note bearing the actual signature of one spouse, and the forged signature of the other.

Case's claim is tainted by misrepresentation.  Before litigation began, Case knew that the farmers were willing to verify possession of the equipment and pay the agreed price.  Case was also aware that the amount it spent to finance the equipment's purchase was based on forged sale contracts.

---

[37]*Grable v. Grable*, 307 Ark. 410 (1991).

[38]*Merchants & Planters Bank & Trust Co. of Arkadelphia v. Massey*, 302 Ark. 421, 424 (1990).

[39]*Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933)

[40]*New York Football Giants v. Los Angeles Chargers Football Club, Inc.*, 291 F.2d 471 (5th Cir. 1961).

[41]*Westley v. Estate of Bosley*, 81 Ark. App. 468 (2003).

[42]*Massey*, 302 Ark. at 425.

8

Case did not correct Kaufman's fraud, but misled the farmers into signing documents that reflected forged terms.  After this, Case used the documents in place of the forged sales contracts.  When the farmers complained, Case representatives advised the farmers to get a lawyer.  The farmers followed the advise and got a lawyer, and their lawyer told them not to make payments.[43]

In the meantime, the farmers' credit was compromised;[44] Case never tried to secure possession of the equipment either by agreement or by attempting to establish an equitable lien; and an end to the dispute was nowhere in sight.

In 2000 the farmers filed their first complaint, and, on October 23, 2000, Case lawyers deposed the farmers and discovered that the farmers were still willing to pay the agreed on purchase price for the equipment, but, at this point, the farmers also wanted their credit ratings corrected.[45]

During the course of this litigation, Case refused to specify what contract terms it wanted enforced.[46]   This is best illustrated by the brief supporting its Motion for Partial Summary

---

[43]Doc. No. 186, Ex. A, p. 23.

[44]*Id.* at Ex. A, p. 23.

[45]*Id.*

[46]Doc. No. 32 (Plaintiff's Motion to Compel the Defendant to Respond with Sufficient Specificity Each Document or Agreement it Contends Creates a Contract); Doc. No. 36 (Case objected to the motion); Doc. No. 37 (Order directing Case to provide a list of documents which form the basis of its counterclaim).

Judgment,[47] in which Case states: "*All* contracts in issue were assigned to Case Credit Corporation."[48]

In fine, Case triggered this prolonged dispute when its agents attempted to enforce fraudulent contract terms --  a claim which Case never fully relinquished.  The actions of Case's representatives forestalled an early resolution of this matter, and compounded Kaufman's fraudulent conduct.  Case now seeks equity.  However, the actions of Case and its representatives contributed to the injury to which it is seeking equitable relief.  Case's recovery under an unjust enrichment theory is barred by the clean hands doctrine.

Case filed this Motion for Summary Judgment, and the farmers did not file a cross motion.  However, Case failed to show the right to equitable relief and there are no further fact or legal issues in dispute.[49]

**V.  Conclusion**

For the reasons set out above, the Motion for Reconsideration is DENIED, and this case is DISMISSED.

IT IS SO ORDERED this 29th day of August 2007.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[47]Doc. No. 34.

[48]*Id.* at p.1.

[49]*Hudson v. Forest Oil Corporation*, 372 F.3d 742 (5th Cir. 2004) (holding that a district court's decision to deny a motion for summary judgment was, in effect a grant of summary judgment in favor of the opposing party, despite the fact that no cross-motion was filed.).