**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**RAYMOND DAY,** *et al.*                                    **PLAINTIFFS/COUNTER DEFENDANTS**

**VS.**                                          **5:01CV00304-WRW**

**CASE CREDIT CORPORATION**                    **DEFENDANT/COUNTER PLAINTIFF**

**ORDER**

Pending is Plaintiffs'/Counter-Defendants'[1] ("the farmers") Motion for Reconsideration.[2] Defendant/Counter-Plaintiff Case Credit Corporation ("Case") has responded.[3]

The farmers request reconsideration of an earlier motion[4] for attorney's fees that was denied because it was premature.[5]

**I.   BACKGROUND**

This case originated when the farmers filed suit against Case for fraud. Case counter-claimed on a contract theory. The farmers' claim for fraud was dismissed, and Case prevailed on its counter-claim. However, the Eighth Circuit Court of Appeals reversed and held that an enforceable contract did not exist. The case was remanded to determine if, in the absence of an

---

[1] Raymond Day, Boren Holtoff, Mike Moreland, and Steve Ross.

[2] Doc. No. 210.

[3] Doc. No. 211.

[4] Doc. No. 174.

[5] Doc. No. 198.

1

express or implied contract, the farmers had been unjustly enriched. A final order was entered on August 29, 2007, finding that the farmers were not unjustly enriched. The case was dismissed with prejudice and Case did not appeal.

The farmers claim fees under Ark. Code Ann. § 16-22-308. This statute reads: "In any civil action to recover on . . . [a] breach of contract . . . the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs." The farmers argue that they are prevailing parties and are entitled to attorneys fees for successfully defending Case's contract claim. Case counters that, while it lost the contract claim, the farmers lost on their fraud claim. Therefore, Case asserts there is no prevailing party, since neither side won a judgment.

## II. DISCUSSION

Attorney's fees are not allowed except when expressly provided by statute,[6] and Ark. Code Ann. § 16-22-308 authorizes attorney's fees for a prevailing party in contract actions. However, the prevailing party is not automatically entitled to a fee award.[7]

Because Ark. Code Ann. §16-22-308 uses the word "may," the decision to award attorney's fees, and the amount to award, are discretionary decisions that are reversed if it is shown that the trial court abused its discretion.[8] Arkansas recognizes the trial court's superior

---

[6] *Damron v. University Estates, Phase II, Inc.*, 295 Ark. 533 (1988).

[7] *Dunn v. Dunn*, 222 Ark. 85 (1953).

[8] *Nelson v. River Valley Bank & Trust*, 334 Ark. 172 (1998); *Burns v. Burns*, 312 Ark. 61 (1993).

perspective to determine if a fee is warranted, since a trial judge has greater knowledge of the proceedings and the quality of representation.[9]

To be the prevailing party under Ark. Code Ann. §16-22-308, the litigant must be granted some relief on the merits of its claim.[10] The case as a whole is considered to determine whether there is a prevailing party; the prevailing party is the one who comes out "on top" at the end of the case.[11] A successful defendant in a contract action may be considered a "prevailing party."[12]

The Arkansas Supreme Court recognizes eight factors to be considered to decide if the representation was of a sufficient caliber: (1) the experience and ability of the attorney; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and complexity of the issues involved; (5) the fee customarily charged in the locality for similar legal services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client or by the circumstances; and (8) that the prosecution of the case precluded other employment by the lawyer.[13]

Costs to a prevailing party are awarded under Fed. R. Civ. P. 54(d)(1). However, under this rule, costs are limited to taxable costs listed in 28 U.S.C. § 1920, which include: (1) fees of

---

[9] *Jones v. Abraham*, 341 Ark. 66 (2000); *Chrisco v. Sun Industries Inc.*, 304 Ark. 227 (1990).

[10] *BKD, LLP v. Yates*, 367 Ark. 391 (2006) (citing *Marcum v. Wengert*, 344 Ark. 153 (2001)).

[11] *Burnette v. Perkins & Associates*, 343 Ark. 237 (2000).

[12] *Perry v. Baptist Health*, 368 Ark. 114 (2006); *Marsh & McLennan of Arkansas v. Herget*, 321 Ark. 180 (1995).

[13] *Chrisco*, 304 Ark. at 230..

the clerk and marshal; (2) fees of the court reporter for all or any part of a transcript that is obtained for use in the case; (3) printing and witness fees; (4) docket fees; and (5) compensation of court appointed experts and interpreters.[14]

Case argues that the farmers are not the prevailing parties because they did not win an award of a money judgment and lost the fraud claim.  I disagree.

In Arkansas, fees may be awarded for the defending a breach of contract claim. So, a fee award is not dependant on a winning a judgment.  A party wins when he is not ordered to pay a judgment.

In this case, Raymond Day saved $137,500.00; Boren Holtoff saved $59,162.18; Mike Moreland saved $33,460.12; and Steve Ross saved $47,326.67.[15]   In view of this, the farmers were the parties who came out "on top" at the end of this case.

Even though the farmers prevailed, they lost on their original claim for fraud, and ended up defending a counter-claim for breach of contract.  Moreover, the farmers failed to timely serve two critical Defendants in their fraud claim.  Since Case was the only Defendant remaining, the farmers alleged that the fraudulent actors were Case's agents.  This allegation was tenuous, and the agency issue was decided in Case's favor.  Instead of winning their original claim, the farmers were put on the defense.

The farmers are claiming fees for 600 hours of work  These hours are divided into 457.9 hours for time spent before this court, at $200.00 per hour, and, 150.4 hours spent before the Eighth Circuit Court of Appeals at $230.00 per hour.  The farmers also claim costs in an amount

---

[14] 28 U.S.C. § 1920.

[15] Doc. No. 108.

of $2,500.00 for transcripts and travel associated with the appeal -- for a total of $128,672.00 in fees and costs.  However, the farmers did not produce evidence that their costs are the kind allowed by Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.  Without the $2,500 in costs, the fees claimed total $126,172.00.

## CONCLUSION

The farmers' Motion for Reconsideration of their fee request (Doc. No. 210 ) is GRANTED.  However, in view of the overall proceedings, the quality of representation, and the results achieved, the farmers are awarded fees in the amount of $50,000.00.

IT IS SO ORDERED this 10th day of December, 2007.

                                            /s/Wm. R. Wilson, Jr.
                                   UNITED STATES DISTRICT JUDGE